UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. 2:12-CR-64 |
| | ) | |
| | ) | |
| DEMARIO JENARD SERCHION, | ) | |
| Petitioner. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc. 59]. Defendant requests a reduction in sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 60]. The motion will be GRANTED in part.

**I. Factual and Procedural Background**

The defendant was convicted of possessing with intent to distribute 28 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B). He was held accountable for 33.9 grams of crack cocaine, resulting in a base offense level of 26. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 23. His criminal history category was V. The guidelines range was 84 to 105 months; however, defendant was subject to a mandatory minimum of 120 months imprisonment. The United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1. The government recommended a three-level

1

reduction. The Court granted the motion and imposed a 77-month sentence of imprisonment, a thirty-six percent reduction.

At the time of the entry of his guilty plea, the defendant stipulated to the following facts:

> On May 17, 2012, in the Eastern District of Tennessee, Investigator Chris Stine of the Johnson City Police Department met with a confidential informant concerning the purchase of crack cocaine. This individual had made previous crack purchases from the defendant, Demario Jenard Serchion, and was in position to do so again. In the presence of Investigator Stine, the informant placed a phone call to the defendant, who instructed the informant to meet him at a local hotel. The informant was then fitted with audio and video surveillance. Investigator Stine also issued the informant $300.00 in marked currency. Task Force Officer Keith Sexton of the Drug Enforcement Agency also participated.
>
> As the informant and law enforcement proceeded to the purchase, the defendant changed the meeting location twice, first to the parking lot of a nearby mall and then to an adjacent McDonald's restaurant. The informant was the first to arrive. The defendant arrived soon thereafter in a gold Nissan Sentra. This vehicle was owned, and was being operated by a confidential source.
>
> The defendant exited the vehicle, approached the informant's vehicle and entered the front passenger side door. Instead of proceeding with the transaction as planned, the defendant told the informant to "front him" the money. Through this arrangement, the informant would give the defendant the money for the purchase, but not receive the crack cocaine at that time. Instead, the defendant would travel to Atlanta that afternoon and obtain additional crack cocaine. The defendant indicated the quality of the crack from Atlanta would be better than that of the crack he had in his possession. The informant agreed to this plan and all parties then departed. The defendant, driven by the confidential source, was observed entering I-26 and proceeding towards Asheville, North Carolina.
>
> Investigator Stine and Task Force Officer Sexton obtained a cellular tracking warrant for both the defendant and the confidential source. Through GPS triangulation, the defendant was observed traveling to Atlanta in the late evening of May 17, 2012. In the early morning hours of May 18, 2012, the defendant was observed departing Atlanta and returning to Johnson City, Tennessee. As GPS triangulation indicated the defendant had entered Unicoi County, Tennessee, ground units with the Tennessee Highway Patrol and Johnson City Police Department observed a gold Nissan Sentra traveling in the area. Law enforcement confirmed that the

> vehicle was in fact the same vehicle observed earlier in the day. Two male occupants matching the descriptions of the defendant and the confidential source were confirmed in the vehicle.
>
> A traffic stop was then initiated. Subsequently, the confidential source gave consent to search the vehicle. A K-9 unit employed at the scene had also alerted to the presence of drugs in the vehicle. A tin foil package was found underneath the driver's seat. In it were two smaller plastic baggies containing a total of 33.9 grams of crack cocaine. Lab analysis conducted by the Tennessee Bureau of investigation verified the mixture's content and weight. The defendant was also found to be in possession of $120.00 in marked currency.
>
> The defendant has been convicted of two prior felony drug offenses. First, on February 24, 2003, the defendant was convicted of violating the Georgia Controlled Substances Act in the Superior Court of Dekalb County, Georgia in case #02-CR2300-8. Second, on February 25, 2005, the defendant was convicted of violating the Georgia Controlled Substances Act in the Superior Court of Dekalb County, Georgia in case #05-CR1006-8.

[Doc. 21].

## II. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied

3

retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

One other factor is relevant to the instant motion. Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B). In addition, where, as is the case here, the defendant obtained a

downward departure pursuant to 18 U.S.C. § 3553(e), "the amended guideline range shall be determined without regard to the operation of § 5G1.1 . . . and § 5G1.2." USSG § 1B1.10(c).

The relevant factors here demonstrate that a reduction is appropriate but that the reduction should be less than that requested by defendant. First, is the seriousness of defendant's criminal conduct. Crack cocaine is a dangerous drug. The defendant not only sold the crack but he had the means of also obtaining large quantities from a supplier in Atlanta to resell in the Eastern District of Tennessee. In addition, the defendant's criminal history is also an important consideration. The defendant has been convicted to two prior drug offenses.

Protection of the public and necessary general deterrence are also significant factors which weigh against the requested reduction here, given the seriousness of the criminal conduct and the amount of crack involved in the offense. One final factor also weighs against the full reduction sought by defendant. That is the one pointed out by the government response in this matter. The defendant faced a congressionally imposed ten-year mandatory minimum term of imprisonment as a result of his conviction. The only reason he escaped that ten-year minimum term, then or now, was the government's motion for downward departure based on substantial assistance. At the time of sentencing, the clear rule in the Sixth Circuit was that "only factors relating to a defendant's cooperation may influence the extent of a departure pursuant to § 3553(e)." *United States v. Grant*, 636 F.3d 803, 814 (6th Cir. 2011) (*en banc*). This Court reviewed the government's motion outlining the assistance provided by the defendant and concluded at the time that the sentence imposed reflected the extent of her cooperation. The policy bases upon which the Sixth Circuit premised its holding remain the same, even though the defendant is now *eligible* for the reduction based on the amendment to the guidelines. Since the only way defendant escaped the congressionally imposed mandatory minimum was for substantial

5

assistance to the government, it is perfectly logical that the extent of the reduction should be determined based on the extent of assistance.

As the government points out, a reduction to the level sought by the defendant would result in a 62.5 percent reduction from the mandatory minimum. Such a reduction is not warranted here under the circumstances outlined above. The Court will, however, in the exercise of its discretion, in light of the defendant's disciplinary history during his incarceration and his post-sentencing efforts at rehabilitation, including participation in the RDAP program, grant some additional reduction in the case. Therefore, the defendant's motion is GRANTED, and his sentence will be reduced to a term of 63 months of imprisonment.

This order is effective November 2, 2015.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE